CHARLES BISPHAM LEVEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES P. SHEA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. E. NEWTON, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE A. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55184, 55268–55271. Promulgated August 24, 1932.

*Albert L. Clothier, Esq.*, and *W. W. Ross, Esq.*, for the petitioners.
*C. A. Ray, Esq.*, for the respondent.

892

[black redaction bars]

OPINION.

BLACK: We think our decision on the sole issue involved in these proceedings is controlled by the decision of the Supreme Court in *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716. In that case the resolution adopted August 3, 1916, under which the income-tax payments for 1919 and 1920 were made by the American Woolen Company for its president, William M. Wood, read as follows:

Voted: That this company pay any and all income taxes, State and Federal, that may hereafter become due and payable upon the salaries of all the officers of the company, including the president, William M. Wood; the comptroller, Parry C. Wiggin; the auditor, George R. Lawton; and the following members of the staff, to-wit: Frank H. Carpenter, Edwin L. Heath, Samuel R. Haines, and William M. Lasbury, to the end that said persons and officers shall receive their salaries or other compensation in full without deduction on account of income taxes, State or Federal, which taxes are to be paid out of the treasury of this corporation.

This resolution was amended on March 25, 1918, as follows:

Voted: That, referring to the vote passed by this board on August 3, 1916, in reference to income taxes, State and Federal, payable upon the salaries or compensation of the officers and certain employees of this company, the method of computing said taxes shall be as follows, viz:

The difference between what the total amount of his tax would be, including his income from all sources, and the amount of his tax when computed upon his income excluding such compensation or salaries paid by this company.

The only difference of any note, so far as we can see, between the foregoing resolution under which the payments were made by the American Woolen Company of state and Federal income taxes of its officers and the resolution involved in the instant case under which the Frederick H. Levey Company made payments to its officers to reimburse them for state and Federal income taxes paid on their salaries, is that the resolution involved in the instant case contains this language: "This as a gift from the company and not as an extra compensation for services rendered." This language the resolution in *Old Colony Trust Co., supra*, did not contain. But we do not regard this circumstance as of controlling importance.

In *Lincoln National Bank, Exec.*, 23 B. T. A. 1304, in which was involved a determination of whether a certain distribution to the

principal stockholders, not in proportion to holdings, was a dividend or a gift, we said:

Obviously, it will not do to say that a corporate distribution to its principal stockholder may be taken free from tax because the directors choose to call it a gift and explain it by their gratitude for services and devotion of one of them. This would enable the taxpayers to determine their own tax liability by the mere use of words * * *.

And so in the instant case we do not think the mere use of words is controlling. We do not think the circumstances surrounding the payments made to the petitioners in the instant case are sufficient to sustain petitioners' contention that the payments made were gifts, although denominated "gifts" in the resolution. These payments were made every year for a period of seven years covering the period 1924 to 1930, inclusive. Gifts are usually not made in that systematic manner and covering that long a period of time, especially by corporations, for, as said by the court in *Noel* v. *Parrott*, 15 Fed. (2d) 669; certiorari denied, 273 U. S. 754:

It needs neither argument nor citation of authority to establish the proposition that the directors were without authority to give away the corporate assets, and that for them to make several of their members and other persons a gift of a large sum of money from the corporate assets would be neither "wise" nor "proper" and would amount to an illegal misapplication of corporate funds. We must assume that the directors did not intend such a flagrant violation of their trust.

It is a very significant circumstance, we think, that each year when the directors of the Frederick H. Levey Company, fixed the salaries of the officers for the ensuing year by resolution, they also provided for the payment by the corporation of state and Federal income taxes on the salaries of the prior year, and, although it was provided in said resolutions that such payments were gifts from the company and not as extra compensation for services rendered, nevertheless, in view of the decision of the Supreme Court in *Old Colony Trust Co.*, *supra*, we think we must hold that the payments were in the nature of extra compensation and therefore taxable. Said the Supreme Court in *Old Colony Trust Co.*, *supra:*

Coming now to the merits of this case, we think the question presented is whether a taxpayer having induced a third person to pay his income tax or having acquiesced in such payment as made in discharge of an obligation to him, may avoid the making of a return thereof and the payment of a corresponding tax. We think he may not do so. The payment of the tax by the employer was in consideration of the services rendered by the employee and was a gain derived by the employee from his labor. * * * The certificate shows that the taxes were imposed upon the employee, that the taxes were actually paid by him and that the employee entered upon his duties in the years in question under the express agreement that his income taxes would be paid by his employer. This is evidenced by the terms of the resolution passed

August 3, 1916, more than one year prior to the year in which the taxes were imposed. The taxes were paid upon a valuable consideration, namely, the services rendered by the employee and as part of the compensation therefor. We think therefore that the payment constituted income to the employee. * * *

Cf. *Boston & Providence R. R. Corporation*, 23 B. T. A. 1136.

Petitioners cite several Board and court cases in support of their contention that the payments in question were gifts and not taxable as income, but we think those cases can be distinguished on the facts from those of the instant case and are not controlling.

*Decision will be entered for the respondent.*